No. 93-514

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

CHERYL RAE HUNTER,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Respondent.

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          Teresa M. Thompson, Modine & Thompson, Missoula, Montana

       For Respondent:

          Honorable Joseph P. Mazurek, Attorney General;
George Schunk, Assistant Attorney General,
Helena, Montana

          Robert Deschamps, III, County Attorney; Betty
Wing, Deputy County Attorney, Missoula, Montana

FILED

Filed:  MAR 1 - 1994

CLERK OF SU... ...URT
STATE OF ...

Clerk

Submitted on Briefs:  January 13, 1994

Decided:  March 1, 1994

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The driver's license of Cheryl Rae Hunter was seized pursuant to § 61-8-402, MCA (1991), for refusal to submit to a blood alcohol concentration test. Hunter petitioned the District Court for the Fourth Judicial District, Missoula County, to reinstate her license on grounds that it was wrongly seized. The District Court denied her petition. We affirm.

We restate the issues as:

1. Did the District Court err in placing the burden upon Hunter to prove she was unable to take the breathilyzer test and in ruling that she did not meet her burden of proof?

2. Did the court err by failing to acknowledge a withdrawal by Hunter of her refusal to submit to the breathilyzer test?

Cheryl Rae Hunter was arrested for driving under the influence on May 12, 1993. At the police station, a sheriff's deputy read her the implied consent law and then asked if she wished to take a breath test. She consented and made five or six attempts at blowing into the breathilyzer, but did not blow hard enough to activate the machine. The officer told her they could return to the breath test later, and proceeded to conduct other sobriety tests. When they returned to the breath test, Hunter stated that she believed she had performed enough tests. The officer seized her license and determined that she had refused the breath test.

Hunter petitioned the District Court for a hearing and asked that her driver's license be reinstated pursuant to § 61-8-403, MCA

2

(1991). At the hearing, the videotape of Hunter's arrest was admitted into evidence. The court denied Hunter's request for reinstatement of her license because: (1)"[i]t is evident from [the videotape] that [Hunter] did not make a sincere effort to blow into the Breathilyzer instrument"; (2) Hunter did not request another form of testing; and (3) Hunter did not advise the officer that she was incapable of blowing into the breathilyzer or that she suffered from asthma. Hunter appeals.

## ISSUE 1

Did the District Court err in placing the burden upon Hunter to prove she was unable to take the breathilyzer test and in ruling that she did not meet her burden of proof?

Section 61-8-402, MCA (1991), provides, in relevant part:

(1) Any person who operates . . . a vehicle . . . shall be deemed to have given consent . . . to a test of his blood, breath, or urine for the purpose of determining any . . . presence of alcohol in his body[.] . . . The arresting officer may designate which test or tests shall be administered.

. . .

(3) If a driver under arrest refuses upon the request of a peace officer to submit to a test designated by the arresting officer as provided in subsection (1), none shall be given, but the officer shall, on behalf of the department, immediately seize his driver's license.

Under § 61-8-402(1), MCA (1991), the arresting officer designates which test for blood alcohol concentration is administered to a DUI defendant. The statute does not give the defendant a right, as Hunter claims, to demand that the officer provide

3

another type of testing. Further, the statute contains no requirement that the officer offer a second type of test, even if the defendant is unable to complete the test of the officer's choice.

The remedy available if a peace officer erroneously determines that a person has refused to submit to the test the officer has chosen is to petition for reinstatement of the driver's license pursuant to § 61-8-403, MCA, as Hunter has done. Section 61-8-403, MCA, provides that, if the court determines the officer was wrong in concluding that the petitioner refused to submit to the test, the petitioner is entitled to a driver's license. A petition to reinstate a license is a civil case, separate from the criminal charge of driving under the influence. Maney v. State (1992), 255 Mont. 270, 274, 842 P.2d 704, 706. The burden of proof is upon the petitioning party. See § 26-1-401, MCA.

The only evidence of Hunter's inability to complete the breathilyzer test was her own unsupported testimony at the hearing in District Court. Hunter's words and actions in the videotape contradict that testimony. She attempted to blow into the breathilyzer five or six times without stating that she could not complete the test because of a physical ailment. She stated to the officer that she was not ill, was not taking medication, and did not have epilepsy, diabetes, or any other physical defects. She did not request another type of test of her blood alcohol concentration. Instead, she argued with the officer after he informed

4

her that she did not complete the breath test.  Further, Hunter did not offer any medical evidence to support her testimony in the District Court.

The District Court heard Hunter's testimony and viewed the videotape of the testing procedure.  After reviewing the record, we hold that the court did not err in ruling that Hunter did not meet her burden of proving that she was unable to perform the breathilyzer test.

ISSUE 2

Did the court err by failing to acknowledge Hunter's withdrawal of her refusal to submit to the breathilyzer test?

Hunter argues that she retracted her refusal to try again on the breathilyzer "when she told the Deputy that she would do anything required of her and asked if there was anything more she should do."  The videotape shows that this occurred after Hunter told the officer she did not wish to try the breathilyzer again because she thought she had fulfilled her lawful obligations.  In offering generally to do anything more which she was required to do, Hunter did not clearly withdraw her specific refusal to submit to the breathilyzer test.

Furthermore, the officer was not bound to accept a withdrawal of the refusal to submit to the breathilyzer test.  Hunter cites cases from other jurisdictions which have adopted the minority rule that subsequent consent may cure a prior refusal unless the delay would affect the test result.  E.g., Gaunt v. Motor Vehicle

5

Division, Department of Transportation (Ariz. Ct. App. 1983), 666 P.2d 524, 527-28. However, the minority rule has been considered and rejected by this Court. In Johnson v. Division of Motor Vehicles (1985), 219 Mont. 310, 711 P.2d 815, we quoted the following reasoning:

> [P]ermitting a delayed test at the subsequent offer of the motorist would require officers to wait and see if there was a change of mind by the refusing motorist, and would require officers to forego other responsibilities in order to arrange the belated test--all contrary to the clear intent behind the implied consent law that the test be submitted and completed expeditiously. [Citation omitted.]

Johnson, 711 P.2d at 818. We restate the rule that, in Montana, subsequent consent does not cure a prior refusal to submit to a blood alcohol test.

We hold that the District Court did not err in failing to acknowledge a withdrawal by Hunter of her refusal to submit to a breathilyzer test.

Affirmed.

Chief Justice

6

We concur:

_____

_____

_____

_____
Justices

7

March 1, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Teresa M. Thompson, Esq.
Modine & Thompson
315 W. Pine St.
Missoula, MT 59802

Hon. Joseph P. Mazurek, Attorney General
George Schunk, Assistant
Justice Bldg.
Helena, MT 59620

Robert Deschamps, III, County Attorney
Betty Wing, Deputy
Missoula County Courthouse
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy