No. 99-679

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 319

302 Mont. 504

15 P.3d 384

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JEFFREY ZELTNER,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Michael Salvagni, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Derik Pomeroy, Attorney at Law, Bozeman, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; C. Mark Fowler,

Assistant Attorney General, Helena, Montana

Susan Wordal, Bozeman City Prosecutor, Bozeman, Montana

Submitted on Briefs: August 17, 2000
Decided: December 12, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1 The Defendant, Jeffrey Zeltner, was charged in Bozeman City Court with violating §§ 61-7-103 and - 108, MCA, by failing to remain at the scene of an injury accident and by failing to give notice of an accident by the quickest means. Zeltner was convicted of both charges following trial by jury in the City court. He appealed his conviction to the District Court for the 18th Judicial District in Gallatin County where he received a nonjury trial de novo. Following that trial, he was again found guilty of both counts. Zeltner appeals from his convictions. We affirm the judgment of the District Court.

¶2 The sole issue on appeal is whether there was sufficient evidence to support Zeltner's convictions for Failure to Remain at the Scene of an Injury Accident and Failure to Give Notice of an Accident by the Quickest Means?

FACTUAL BACKGROUND

¶3 On January 24, 1997, Leslie Schmidt was running with her companion, Bob Swinth near the Montana State University where they both worked. They were heading south on Tracy toward Kagy Boulevard. They ran in the road because the street has no sidewalks. Snowdrifts covered the part of the road closest to the edge, forcing the joggers to run near the center of the driving lane. The Defendant, Jeffrey Zeltner, made a right-hand turn onto Tracy from Kagy when he encountered the joggers in his lane of travel. Swinth took evasive action, but Schmidt was unable to do so. Zeltner attempted to stop prior to hitting Schmidt. In order to avoid being hit by the car, she jumped on the hood of the car and rolled off the side. At that point, she and the passenger exchanged words, after which Zeltner drove away. Schmidt memorized the license plate number and called the police later that day to report the accident. The police traced the license plate number to Zeltner. They called Zeltner who told the police that he was expecting their call. He verified that he both owned and was driving the car that hit Schmidt. He claimed that Schmidt vaulted onto the hood of his car and then continued jogging before he had an opportunity to check her condition. Zeltner said he believed that Schmidt was not injured based on their exchange after the accident. The State charged Zeltner with violating §§ 61-7-103 and -108, MCA. On October 2, 1998, the District Court entered its Findings of Fact and Conclusions of Law, finding the Defendant guilty of both charges.

## DISCUSSION

¶4 Was there sufficient evidence to support Zeltner's convictions for Failure to Remain at the Scene of an Injury Accident and Failure to Give Notice of an Accident by the Quickest Means?

¶5 We review the sufficiency of the evidence to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Arlington* (1994), 265 Mont. 127, 146, 875 P.2d 307, 318. *See also, State v. Roullier* (1998), 293 Mont. 304, 308, 977 P.2d 970, 973.

¶6 Section 61-7-103, MCA provides that "[t]he driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident . . . and in every event shall remain at the scene of the accident" until the driver fulfills the requirements of § 61-7-105, MCA. These requirements consist of providing the victim with his name, address, license, and offering reasonable assistance. Section 61-7-105, MCA. Section 61-7-108, MCA provides that "[t]he driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of $500 or more shall immediately by the quickest means of communication give notice of the accident to the local police department . . . ." Section 61-7-108, MCA.

¶7 Zeltner contends that the State failed to prove that an injury accident occurred or that he knew Schmidt was injured and therefore had the requisite mens rea for a finding that he was guilty of either offense.

¶8 Although the legislature failed to specifically define "injury," the legislature has defined bodily injury to include physical pain. Section 45-2-101(5), MCA. Schmidt testified that as a result of her impact with Zeltner's vehicle, she experienced lower back, hip, shoulder, and finger pain and that she developed a grapefruit sized bruise on her left leg. Zeltner contends that based on other statements made by Schmidt and because of the factual circumstances, this testimony is not credible. However, issues of credibility are for the finder of fact which, in this case, was the District Court. Furthermore, direct evidence of one witness who is entitled to full credit is sufficient proof of any fact. *See State v. Flack* (1993), 210 Mont. 181, 188, 860 P.2d 89, 94; and § 26-1-301, MCA (1995).

¶9 Zeltner further contends that since he did not realize Schmidt was injured, he could not have acted knowingly and that, therefore, he did not have the necessary mental state for commission of these offenses. A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when the person is aware of the person's own conduct or . . . when a person is aware that it is highly probable that the result will be caused by the person's conduct. Section 45-2-101(34), MCA. In *State v. Stafford* (1984), 208 Mont. 324, 334, 678 P.2d 644, 650, we held that knowledge of injury could be inferred from the circumstances of the accident. Here, Zeltner saw the victim hit the hood of his car and then roll off to the side. He admitted at trial that it was highly likely that an injury could occur from such a collision. The District Court concluded that "[t]he fact that Schmidt came into contact with the Defendant's vehicle and went over the hood of the Defendant's vehicle is a reasonable

basis to believe that Schmidt suffered an injury. Thus, the Defendant had knowledge of injury."

¶10 The District Court's conclusion is based on reasonable inferences from the facts in evidence. For these reasons, we conclude that there was sufficient evidence to support Jeffrey Zeltner's convictions for violations of §§ 61-7-103 and -108, MCA. Therefore the judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART