No. 03-676

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 192

GLENDA G. MURI,

        Plaintiff and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DV-03-44
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Terry J. Hanson, Attorney at Law, Miles City, Montana

      For Respondent:

           Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

           Jeffrey A. Noble, City Attorney for Miles City, Miles City, Montana

Submitted on Briefs:  June 8, 2004

Decided:  July 27, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Glenda G. Muri (Muri) appeals from the order entered by the Sixteenth Judicial District Court, Custer County, denying her petition for reinstatement of her driver's license. We affirm.

¶2      The issue on appeal is whether the District Court erred in denying Muri's petition to reinstate her driver's license.

## BACKGROUND

¶3      Miles City Police Department Officer Jeremy Tafelmeyer (Tafelmeyer) was on patrol at approximately 2:00 a.m. on February 25, 2003, when he observed a vehicle make a left turn without signaling. Tafelmeyer began following the vehicle. At that point, they were traveling down a two-lane street with one lane of traffic in each direction. Tafelmeyer observed that the registration tags on the vehicle's rear license plate had expired and he initiated a traffic stop on that basis. Based on observations made before and during the traffic stop, Tafelmeyer believed the driver, Muri, to be driving under the influence of alcohol (DUI). Muri performed field sobriety tests at Tafelmeyer's request, following which he arrested her for DUI. During the subsequent arrest procedure, Muri was asked to submit to a test of her blood alcohol content and she refused to do so. Consequently, the State of Montana (State) seized and suspended Muri's driver's license pursuant to § 61-8-402(4), MCA.

2

¶4 Muri petitioned the District Court requesting reinstatement of her driver's license based on her assertion that Tafelmeyer did not have reasonable grounds to believe she was operating a motor vehicle while under the influence of alcohol. The District Court held a hearing on the petition at which Tafelmeyer was the sole witness. The court subsequently entered its order denying Muri's petition and Muri appeals.

## STANDARD OF REVIEW

¶5 We review a district court's ruling on a petition for reinstatement of a driver's license to determine whether the court's findings of fact were clearly erroneous and its conclusions of law correct. Widdicombe v. State ex rel. Lafond, 2004 MT 49, ¶ 7, 320 Mont. 133, ¶ 7, 85 P.3d 1271, ¶ 7. "A suspension of a license is presumed to be correct, and the petitioner bears the burden of proving that the state's action was improper." Widdicombe, ¶ 7.

## DISCUSSION

¶6 Did the District Court err in denying Muri's petition to reinstate her driver's license?

¶7 A person driving, or in actual physical control, of a vehicle on ways of Montana open to the public is considered to have given consent to a blood or breath test. Section 61-8-402(1), MCA. A test of a person's blood or breath to determine the presence of alcohol or drugs must be administered when a peace officer

> has reasonable grounds to believe that the person has been driving or has been in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two and the person has been placed under arrest for a violation of 61-8-401.

Section 61-8-402(2)(a)(i), MCA. If a person is arrested for DUI and refuses to submit to such a test, the arresting officer must seize the person's driver's license and the license will be suspended administratively. Section 61-8-402(4), MCA.

¶8 A person whose license is seized and suspended pursuant to § 61-8-402(4), MCA, may file a petition in the district court challenging the suspension. Section 61-8-403(1), MCA. In such a proceeding, the issues to be addressed by the district court are limited. In the present case, those issues are whether

> a peace officer had reasonable grounds to believe that the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two and the person was placed under arrest for violation of 61-8-401

and

> the person refused to submit to one or more tests designated by the officer.

Sections 61-8-403(4)(a)(i) and -403(4)(a)(iv), MCA.

¶9 When interpreting only subsections (i) and (iv) of § 61-8-403(4)(a), MCA, the district court ruling on a petition to reinstate a driver's license determines: (1) whether the arresting officer had reasonable grounds to believe the petitioner had been driving or was in actual physical control of a vehicle upon a way of the state open to the public while under the influence of drugs or alcohol; (2) whether the petitioner was lawfully under arrest; and (3) whether the petitioner refused to submit to a blood or breath test. Widdicombe, ¶ 8. Muri challenged only the "reasonable grounds" question in her petition to reinstate her driver's license. We have held that the "reasonable grounds" requirement is the equivalent of a

4

"particularized suspicion" to make an investigative stop as provided in § 46-5-401, MCA. Anderson v. State Dept. of Justice (1996), 275 Mont. 259, 263, 912 P.2d 212, 214. Furthermore, whether a particularized suspicion exists generally is a question of fact determined by examining the totality of the circumstances. Anderson, 275 Mont. at 263, 912 P.2d at 214.

¶10 At the hearing on the petition, Tafelmeyer testified that, after he began following Muri's vehicle, he observed it swerve in the driving lane twice; once to the left when it crossed some railroad tracks and, later, to the right crossing over the fog line. He admitted that he also swerved when crossing the railroad tracks to avoid unevenness in the road. Tafelmeyer also testified he observed expired registration tags on the vehicle's rear license plate. When he stopped Muri's vehicle it was approximately 2:00 in the morning, the time when the local bars closed. Tafelmeyer further testified that, when he approached the window on the driver's side of the vehicle to inform Muri why he stopped her, he detected a strong odor of alcoholic beverage. He asked Muri whether she had been drinking that night and she responded that she had consumed one beer.

¶11 Tafelmeyer then asked to see Muri's driver's license, proof of insurance and vehicle registration. She could not produce her license because she did not have it with her. The passenger in Muri's vehicle produced the proof of insurance and registration papers from the glove compartment. Tafelmeyer asked Muri for her social security number and date of birth. He testified that she initially responded that she could not remember, but, after a brief hesitation, recited her social security number in a quiet voice with slurred speech.

5

Tafelmeyer admitted that his report written later that evening stated Muri's speech was normal because her speech was no longer slurred by the time they reached the police station. After Muri recited her social security number, Tafelmeyer requested Muri to get out of the vehicle, at which point he observed that her eyes were bloodshot. He then asked her to perform various field sobriety tests, following which he arrested her for DUI.

¶12 Following the hearing on Muri's petition to reinstate her driver's license, the District Court found that Tafelmeyer's testimony established he had reasonable grounds to believe Muri was driving a motor vehicle while under the influence of alcohol prior to requesting that she perform field sobriety tests. Based on this finding, the court concluded Muri was not entitled to reinstatement of her driver's license and denied her petition. Muri contends that the District Court's finding of reasonable grounds is clearly erroneous and its conclusion that she was not entitled to reinstatement of her driver's license--based on the erroneous finding--is incorrect.

¶13 Muri concedes Tafelmeyer had a particularized suspicion justifying the initial traffic stop based on his observation of the expired license plate tags. She argues, however, that the totality of the circumstances occurring after the stop does not support a finding of reasonable cause to believe she was DUI because the only indication that she might have been intoxicated was the odor of alcoholic beverage emanating from the vehicle, and Tafelmeyer could not state with certainty whether that odor came from Muri or her passenger. Muri contends that this case is analogous to Bramble v. State, Dept. of Justice, MVD,1999 MT 132, 294 Mont. 501, 982 P.2d 464, where we concluded that particularized suspicion did not

exist for either the administration of the field sobriety tests or the request for a breath test. She urges us to reach the same conclusion here, but Bramble is readily distinguishable.

¶14     There, the arresting officer stopped Bramble's vehicle for speeding. Prior to the stop, the officer had received an anonymous citizen's report that Bramble may have been DUI. Bramble, ¶¶ 6-7. The officer approached the vehicle and asked Bramble whether he had been drinking; Bramble replied that he had not. The officer did not observe any signs of intoxication in Bramble such as bloodshot or glassy eyes, odor of alcohol, slurred speech, lack of coordination or inability to understand instructions. Notwithstanding the absence of such indicators, the officer requested Bramble to perform field sobriety tests. Bramble, ¶ 8. Based on the field sobriety tests, the officer arrested Bramble for DUI. Bramble refused to take a preliminary breath test at the scene of the arrest and again refused to take a breath test at the police station. Bramble, ¶ 13. As a result, Bramble's driver's license was seized and suspended. Bramble, ¶ 1.

¶15     Bramble petitioned the district court to reinstate his driver's license and the court denied the petition. Bramble appealed to this Court. Bramble, ¶ 1. We concluded that the arresting officer did not have a particularized suspicion that Bramble was DUI because, other than his speeding and the anonymous citizen's report, no aspects of his driving, behavior or physical symptoms indicated he was under the influence of alcohol. Bramble, ¶ 24. Consequently, we held that the district court erred in denying his motion to reinstate his driver's license. Bramble, ¶¶ 29-30.

¶16    In the present case, Tafelmeyer observed Muri swerve in her driving lane at least once before he stopped her, he smelled a strong odor of alcoholic beverage when he spoke with her, she could not produce her driver's license on request and, when he asked her to recite her social security number, she could not do so at first, but then recited it with slurred speech. Furthermore, the stop occurred at the approximate time when local bars were closing and Muri admitted she had consumed alcohol. Thus, unlike the circumstances in Bramble and contrary to Muri's assertion that Tafelmeyer's only "observation" was the odor of alcoholic beverage, Tafelmeyer observed a number of driving, behavior and physical signs indicating that Muri was under the influence of alcohol. As a result, Bramble is not applicable here.

¶17    Muri also cites several cases from other jurisdictions in support of her argument that the odor of alcoholic beverage, in and of itself, is insufficient to establish reasonable cause to believe a driver is DUI. As discussed above, Tafelmeyer observed a number of indications of Muri being under the influence of alcohol in addition to the odor of alcoholic beverage. Consequently, the premise underlying Muri's argument fails and the cited cases are inapplicable.

¶18    We conclude Muri has failed to establish that the District Court's finding that Tafelmeyer had reasonable grounds to believe, prior to requesting her to perform field sobriety tests, that Muri was driving a motor vehicle while under the influence of alcohol is clearly erroneous. As a result, we further conclude that the District Court's conclusion that Muri was not entitled to reinstatement of her driver's license, based on that finding, is

8

correct. We hold, therefore, that the District Court did not err in denying Muri's petition to reinstate her driver's license.

¶19    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART