No. 04-598

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 34

RUSS C. EUSTANCE,

        Petitioner and Respondent,

  v.

STATE OF MONTANA,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                     In and For the County of Cascade, Cause No. ADV 04-426
                     Honorable Thomas McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Marty Judnich, Deputy Cascade County Attorney,
                Great Falls, Montana

        For Respondent:

                Floyd Corder; Corder & Allen, Great Falls, Montana

Submitted on Briefs:  January 19, 2005

Decided:  February 22, 2005

Filed:

_____
                          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1  The State of Montana (State) appeals from the judgment entered by the Eighth Judicial District Court, Cascade County, on its order granting the petition filed by Russ C. Eustance (Eustance) requesting reinstatement of his driver's license. We affirm.

¶2  The sole issue on appeal is whether the District Court erred in granting Eustance's petition to reinstate his driver's license.

## BACKGROUND

¶3  On the evening of March 24, 2004, Cascade County Sheriff's Deputy Scott Wagner (Wagner) arrested Eustance for driving under the influence of alcohol (DUI). During the arrest procedure, Eustance refused to comply with Wagner's request that he submit to a test of his breath to determine his blood alcohol content. Consequently, the State seized and suspended Eustance's driver's license pursuant to § 61-8-402(4), MCA.

¶4  Eustance subsequently petitioned the District Court to reinstate his driver's license on the basis that Wagner did not have reasonable grounds to believe Eustance was–and did not have probable cause to arrest him for--DUI. The District Court held a hearing on the petition at which Eustance was the only person who testified. Based on the testimony, the court concluded "there is no evidence to support that the initial stop of Eustance's vehicle was justified by particular suspicion, and no probable cause existed for Eustance's arrest." The court granted Eustance's petition to reinstate his driver's license. The State appeals.

## STANDARD OF REVIEW

¶5      In reviewing a district court's ruling on a petition to reinstate a driver's license, we determine whether the court's findings of fact are clearly erroneous and its conclusions of law correct. Muri v. State, 2004 MT 192, ¶ 5, 322 Mont. 219, ¶ 5, 95 P.3d 149, ¶ 5.

DISCUSSION

¶6      Did the District Court err in granting Eustance's petition to reinstate his driver's license?

¶7      Section 61-8-402(1), MCA, provides that a person who is driving or in actual physical control of a vehicle on ways of Montana open to the public is considered to have given consent to a blood or breath test. When a person who is arrested for DUI refuses to submit to such a test, the arresting officer must seize the person's driver's license and the State must suspend the license. Section 61-8-402(4), MCA. A person whose license is seized and suspended pursuant to § 61-8-402(4), MCA, may challenge the suspension by filing a petition in district court. Section 61-8-403(1), MCA.

¶8      Eustance timely filed a petition in the District Court pursuant to § 61-8-403(1), MCA, challenging the seizure and suspension of his driver's license. Under the circumstances of this case, the District Court's consideration of the petition was limited to the issues of whether Wagner had reasonable grounds to believe Eustance was DUI, whether Eustance was lawfully arrested and whether Eustance refused to submit to a blood or breath test upon request. See § 61-8-403(4)(a)(i), -403(4)(a)(iv), MCA; Muri, ¶¶ 8-9. The suspension of a driver's license under § 61-8-402(4), MCA, is presumed to be correct and Eustance, as the

3

petitioner, bore the burden of establishing that the State's action was improper. See Muri, ¶ 5.

¶9   Eustance was the only person who testified at the hearing on his petition. Based on his testimony, the District Court entered written findings of fact relating the following events which occurred on the evening Eustance was arrested. Eustance drove to the airport that evening to pick up his daughter and grandson who were arriving on a flight. Eustance had been having problems with his hip which resulted in his undergoing hip replacement surgery a week after his arrest. Because of the pain he suffered with his hip, it was more comfortable for him to wait in his vehicle than inside the airport. He had arranged with his daughter that she would call him on his cell phone when she arrived in the airport. Eustance parked in the lot of a nearby car rental agency and then fell asleep in his vehicle. At some point thereafter, Eustance was awakened by Wagner. Wagner subsequently requested Eustance to perform field sobriety tests. Eustance eventually refused to perform further tests and refused to submit to a breath test. The District Court also found that Eustance testified he had been operating his vehicle in a safe and legal manner prior to his arrest, his ability to drive was not impaired and he did not think there was reasonable suspicion or probable cause to justify his arrest.

¶10   Based on its findings of fact, the District Court concluded there was no evidence establishing that Wagner had reasonable grounds to believe Eustance was DUI or that probable cause existed for Eustance's arrest. As a result, the court concluded Eustance had met his burden of establishing the suspension of his driver's license was improper and

4

granted his petition to reinstate his license. The State contends that the District Court's conclusion that Eustance had met his burden of establishing the suspension of his driver's license was improper is erroneous. The State asserts that Eustance could not establish Wagner lacked either a reasonable suspicion to believe Eustance was DUI or probable cause to arrest without presenting Wagner's testimony at the hearing and that Eustance's own self-serving testimony was insufficient to meet his burden.

¶11   It is well-established that the testimony of one witness is sufficient to prove any fact. See, e.g., State v. Russell, 2001 MT 278, ¶ 22, 307 Mont. 322, ¶ 22, 37 P.3d 678, ¶ 22; State v. Zeltner, 2000 MT 319, ¶ 8, 302 Mont. 504, ¶ 8, 15 P.3d 384, ¶ 8. Here, Eustance testified regarding why he was at the airport and why he was asleep in his car. He further testified that he had been operating his vehicle in a safe and legal manner, his ability to drive was not impaired and he did not believe there were reasonable grounds for Wagner to believe he was DUI. Eustance's testimony, while perhaps self-serving, was sufficient to support the District Court's determinations that Wagner had no reasonable grounds to believe Eustance was DUI and that Eustance had met his burden of proof. See, e.g., State v. Angeline, 1998 MT 139, ¶ 25, 289 Mont. 222, ¶ 25, 961 P.2d 1251, ¶ 25.

¶12   The State relies on Hunter v. State, 264 Mont. 84, 869 P.2d 787, in support of its argument that a petitioner in a proceeding under § 61-8-403, MCA, cannot meet the necessary burden of proof based on only the petitioner's unsupported testimony, but must present the testimony of the arresting officer. The State's reliance on Hunter is misplaced.

¶13     In that case, Hunter was arrested for DUI and taken to the local police station where the arresting officer requested her to submit to a breath test. After several unsuccessful attempts to perform the test, Hunter refused to try again. The arresting officer concluded she refused to perform the test and Hunter's driver's license was seized and suspended pursuant to § 61-8-402, MCA. Hunter subsequently petitioned for reinstatement of her license. Hunter, 264 Mont. at 86, 869 P.2d at 788-89. At the hearing on her petition, Hunter argued that the arresting officer was wrong in concluding she had refused to perform the breath test because she suffered from a medical condition which made her unable to perform such a test. She presented her own testimony in support of her argument, as well as the videotape of the testing procedure taken at the police station. The arresting officer did not testify. Hunter, 264 Mont. at 87, 869 P.2d at 789.

¶14     The district court concluded that Hunter did not meet her burden of proving that the seizure and suspension of her driver's license was wrong because she was physically incapable of performing the breath test and denied her petition. Hunter, 264 Mont. at 86-87, 869 P.2d at 789. In affirming the district court's conclusion, we observed that the only evidence presented at the hearing regarding Hunter's physical inability to perform the breath test was her own unsupported testimony. We further observed that Hunter's testimony was contradicted by the videotape she entered into evidence at the hearing, which revealed that Hunter never informed the arresting officer that she was unable to perform the test because of a physical ailment. Indeed, the videotape showed that Hunter informed the officer she

6

was not ill, was not taking any medications and had no physical disabilities.  Hunter, 264 Mont. at 87, 869 P.2d at 789.

¶15    Nowhere in Hunter did we hold that a petitioner in a proceeding pursuant to § 61-8-403, MCA, cannot meet the requisite burden of proof without presenting testimony from the arresting officer.  Nor did we hold that a petitioner's testimony in such a proceeding, without more, is insufficient to meet the burden of proof.  Rather, we observed that Hunter's testimony was contradicted by the videotape and, in light of the conflicting evidence, the district court did not err in concluding she had not met her burden of proof.  Hunter, 264 Mont. at 87-88, 869 P.2d at 789-90.  In the present case, there was no conflicting evidence. The District Court was entitled to accept Eustance's uncontradicted testimony as true. Hunter does not support the State's agument that a petitioner in a § 61-8-403, MCA, proceeding cannot meet the burden of proof without presenting the arresting officer's testimony.  The State advances no other legal authority for its argument in this regard.

¶16    We conclude that the District Court did not err in determining that Eustance met his burden of establishing that Wagner did not have reasonable grounds to believe Eustance was DUI.  Eustance having met his burden as the petitioner, the burden then shifted to the State to prove otherwise.  The State presented no testimony or other evidence to refute Eustance's testimony at the hearing.  We further conclude, therefore, that the District Court did not err in concluding that no evidence supported the State's position that Wagner had reasonable grounds to believe Eustance was DUI.  We hold that the District Court did not err in granting Eustance's petition to reinstate his driver's license.

¶17    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS