FILED

November 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0357

DA 15-0357

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 326N

IN RE THE REINSTATEMENT OF
THE DRIVER'S LICENSE OF:

TED HANAWALT,
DL#05131844111,

        Petitioner and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV 14-76
Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Karl Knuchel, Shenandoah Roath, Karl Knuchel, P.C.,
            Livingston, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
            Attorney General, Helena, Montana

            Bruce Becker, Park County Attorney, Kathleen Carrick, Deputy County
            Attorney, Livingston, Montana

                Submitted on Briefs:  October 28, 2015
                        Decided:  November 17, 2015

Filed:

_____
                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Ted Hanawalt appeals from an order issued by the Sixth Judicial District Court, Park County, denying his petition for reinstatement of his driver's license. We affirm.

¶3     We address the following issue on appeal: whether the District Court erred by denying Hanawalt's petition for reinstatement of his driver's license.

¶4     On December 1, 2014, Park County Sheriff's Deputy Dean DuVall was patrolling Highway 89 when he observed a red Toyota Tercel ahead of him. Deputy DuVall noticed that the vehicle was traveling more than 10 miles per hour below the speed limit, varied its speed from 50 to 60 miles per hour, and was weaving within its lane. After activating his onboard video recorder, Deputy DuVall observed the vehicle cross the centerline multiple times, continue to weave within the lane, and then drift over and straddle the fog line.[1] At this point, Deputy DuVall initiated a traffic stop based on the traffic offense of crossing the centerline in violation of § 61-8-321, MCA, as well as suspicion of driving under the influence in violation of § 61-8-401, MCA.

---

[1]  The video recording was not introduced into evidence. Due to a system failure, Deputy DuVall was unable to download the video from his patrol car.

2

¶5 Deputy DuVall made contact with the driver and, after requesting his driver's license, identified him as Hanawalt. Deputy DuVall noticed that Hanawalt was slurring his speech and his breath smelled of alcohol. Deputy DuVall asked Hanawalt whether he had been drinking. Hanawalt replied that he had consumed "two beers." Based on his observations of intoxication, Deputy DuVall requested Hanawalt perform standardized field sobriety tests, including a preliminary breath test. Hanawalt provided a preliminary breath test, revealing a blood alcohol concentration in excess of 0.08 percent.

¶6 Deputy DuVall arrested Hanawalt for driving under the influence of alcohol in violation of § 61-8-401, MCA, and transported him to the Park County Detention Center. At the Detention Center, Deputy DuVall requested that Hanawalt submit to a breathalyzer using the Intoxilyzer 8000. Hanawalt refused. As a result, Deputy DuVall seized Hanawalt's driver's license.

¶7 On December 9, 2014, Hanawalt filed a petition to have his driver's license reinstated. The District Court conducted an evidentiary hearing on May 4, 2015, in which Deputy DuVall testified. On May 5, 2015, the District Court issued findings of fact, conclusions of law, and its order denying Hanawalt's petition.

¶8 On appeal, Hanawalt argues the District Court erred by denying his petition to reinstate his driver's license. Pursuant to § 61-8-403(1), MCA, a person whose driver's license has been seized "may file a petition to challenge the license suspension or revocation in the district court in the county where the arrest was made." In reviewing the suspension of a driver's license, the court is limited to the issues set forth in § 61-8-403(4)(a), MCA. *Kummerfeldt v. State*, 2015 MT 109, ¶ 10, 378 Mont. 522, 347

3

P.3d 1233. The suspension of a driver's license is presumed to be correct, and the "petitioner bears the burden of proving that the state's action was improper." *Muri v. State*, 2004 MT 192, ¶ 5, 322 Mont. 219, 95 P.3d 149.

¶9 Hanawalt alleges several points of error in the District Court's decision under § 61-8-403(4)(a), MCA. First, he argues that the Court erred by finding that Deputy DuVall had reasonable grounds to stop his vehicle. "The 'reasonable grounds' requirement found in § 61-8-403(4)(a)(i), MCA, is the equivalent of the 'particularized suspicion' standard necessary to make an investigative stop." *Kummerfeldt*, ¶ 11. "A statutory violation alone is sufficient to establish particularized suspicion for an officer to make a traffic stop." *State v. Schulke*, 2005 MT 77, ¶ 16, 326 Mont. 390, 109 P.3d 744. Here, Deputy DuVall observed Hanawalt repeatedly cross the centerline of the highway in violation of § 61-8-321, MCA. Deputy DuVall had reasonable ground to effectuate the traffic stop.

¶10 Second, Hanawalt argues Deputy DuVall did not have reasonable grounds to believe he had been driving or was in actual physical control of vehicle while under the influence of alcohol. Deputy DuVall noted Hanawalt's erratic driving, including varying his speed from 50 to 60 miles per hour, crossing the fog line, weaving within his lane, and crossing the centerline multiple times. Deputy DuVall further noted additional signs of impairment after making contact with Hanawalt, including Hanawalt's slurred speech and smelling alcohol emanating from Hanawalt's breath. Finally, Hanawalt admitted consuming alcohol and submitted to a preliminary breath test, which showed a blood

4

alcohol concertation of over 0.08 percent. Deputy DuVall had reasonable ground to believe that Hanawalt was under the influence of alcohol.

¶11 Third, Hanawalt argues that the District Court improperly relied on Deputy DuVall's testimony regarding HGN, and that Deputy DuVall conducted an illegal search by leaning into Hanawalt's vehicle to smell alcohol on Hanawalt's breath. However, Hanawalt failed to preserve these issues for appeal. Hanawalt did not contest the introduction of this evidence prior to the evidentiary hearing or object to the admission of the evidence during the hearing. It is well established that we do not consider new arguments or legal theories for the first time on appeal. *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 20, 373 Mont. 1, 313 P.3d 839.

¶12 Lastly, Hanawalt argues the District Court erred by failing in its order "to examine the validity of his arrest, or even mention that he was arrested at all." Hanawalt admitted in his petition that he "was arrested for driving while under the influence of alcohol." Further, Hanawalt did not challenge the validity of his arrest during the evidentiary hearing. We will not place the "district court in error for an action in which the appealing party acquiesced or actively participated." *State v. Reim*, 2014 MT 108, ¶ 28, 374 Mont. 487, 323 P.3d 880. Hanawalt had the burden to demonstrate the State's actions were improper. *Muri*, ¶ 5. Hanawalt failed to meet his burden. The District Court did not err in denying Hanawalt's petition to reinstate his driver's license.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law.

¶14     Affirmed.


                                        /S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE