FILED

March 8 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0164

DA 15-0164

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 57N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

TROY ALAN MAIER,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 14-161
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Matthew M. Stevenson, Attorney at Law, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
Attorney General, Helena, Montana

          William Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs: January 20, 2016

Decided: March 8, 2016

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Troy Alan Maier appeals from an order issued by the Twenty-First Judicial District Court, Ravalli County, concluding that particularized suspicion existed to effectuate a traffic stop of Maier's vehicle. We affirm.

¶3 We address the following issue on appeal: whether the District Court correctly concluded that Officer Reichert possessed particularized suspicion to effectuate a traffic stop of Maier's vehicle after Officer Reichert observed Maier's vehicle drift over the centerline three times.

¶4 On February 2, 2014, at 2:17 a.m., Officer Reichert observed Maier, driving a full-size Dodge pick-up, pull out of the parking lot of the Rustic Hut bar and restaurant and drive north on Highway 93. After turning onto Old Highway 93, Officer Reichert observed Maier's vehicle cross the centerline on three separate occasions within the course of a mile and half. Officer Reichert activated his emergency lights and initiated a traffic stop based on the traffic offenses of crossing the centerline in violation of § 61-8-328, MCA, as well as suspicion of driving under the influence in violation of § 61-8-401, MCA.

2

¶5   After making contact with Maier, Officer Reichert smelled the odor of alcohol emanating from Maier's breath.  Maier admitted to consuming alcohol.  Maier consented to perform Standardized Field Sobriety Tests and performed poorly on the tests.  Maier agreed to take a preliminary breath test, revealing a blood alcohol concertation of 0.20 percent.  Officer Reichert subsequently arrested Maier for driving under the influence of alcohol in violation of § 61-8-401, MCA.

¶6   On August 14, 2014, Maier filed a motion to suppress, arguing that Officer Reichert's observation of Maier driving across the centerline three times did not constitute particularized suspicion to conduct the traffic stop.  Maier maintained that the centerline of the highway was "unclearly marked" due to an accumulation of ice on the roadway.  On December 16, 2014, the District Court conduced a hearing on Maier's motion to suppress.  The court heard testimony from both Officer Reichert and Maier, and the court watched the video recording taken by Officer Reichert's in-car camera.  On February 4, 2015, the District Court issued its order, denying Maier's motion to suppress. The court found that prior to the stop the centerline was visible, and that Maier crossed the centerline three times.

¶7   On appeal, Maier argues that the District Court erred by concluding that the Officer Reichert possessed particularized suspicion to stop his vehicle for violating § 61-8-328, MCA, which requires a vehicle to be operated as nearly as practicable entirely within a single lane.  Maier maintains that the District Court erred in finding that the centerline was visible and that Maier crossed the centerline.  An investigative stop is valid if the "officer possesses particularized suspicion that the occupant of the vehicle has

3

committed, is committing, or is about to commit an offense." *City of Missoula v. Moore*, 2011 MT 61, ¶ 16, 360 Mont. 22, 251 P.3d 679 (internal quotations omitted). "A statutory violation alone is sufficient to establish particularized suspicion for an officer to make a traffic stop." *State v. Schulke*, 2005 MT 77, ¶ 16, 326 Mont. 390, 109 P.3d 744.

¶8 We review a district court's findings of fact to determine if they are clearly erroneous. *Kummerfeldt v. State*, 2015 MT 109, ¶ 11, 378 Mont. 522, 347 P.3d 1233. Officer Reichert testified that the centerline of the highway was visible and that he observed Maier cross the centerline three times. Further, Maier conceded that he may have driven onto and possibly across the centerline. Sufficient evidence supports the District Court's findings that Maier violated § 61-8-328, MCA. Therefore, Officer Reichert possessed particularized suspicion to effectuate a traffic stop of Maier's vehicle.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case present questions controlled by settled law and the applicable standard of review.

¶10 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ JAMES JEREMIAH SHEA

4