No. 01-266

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 143

IN RE THE MARRIAGE OF
PAMELA JEAN HAXTON SNOW,

Petitioner and Respondent,

v.

ERIC MATTHEW SNOW,

Respondent and Appellant.

APPEAL FROM:   District Court of the Twenty-Second Judicial District,
In and for the County of Carbon,
The Honorable Blair Jones, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Eric Matthew Snow, Miles City, Montana (*pro se*)

For Respondent:

Mark A. Bryan, Bozeman, Montana

Submitted on Briefs: September 6, 2001

Decided:  June 24, 2002

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Eric Matthew Snow (Eric) appeals an Order of the District Court for the Twenty-Second Judicial District, Carbon County, denying Eric's motion to modify the visitation portion of the decree dissolving his marriage to Pamela Jean Haxton Snow (Pamela). Because we conclude that Eric has not complied with the Montana Rules of Appellate Procedure in filing his brief on appeal, we dismiss the appeal and award attorney's fees to Pamela.

¶2 In view of Eric's failure to properly set forth the issues on appeal (which we discuss in more detail later in this Opinion), we will consider this matter on the issues as delineated and set forth by Pamela. Thus, as restated by Pamela, the issues on appeal are:

¶3 1. Has Eric properly appealed the District Court's order?

¶4 2. Did the District Court err in not adopting Eric's Proposed Residential Schedule?

¶5 3. Did the District Court err in denying Eric's Motion for Summary Judgment?

¶6 4. Should Pamela be awarded her attorney's fees because of a frivolous appeal?

¶7 Since we find Issue 1 dispositive, we do not address Issues 2 and 3.

**Factual and Procedural Background**

¶8 Eric and Pamela were married on December 20, 1986, in Newberg, Oregon. They have two sons: Colton, born February 24, 1989; and Matthew, born October 7, 1991. In June 1994, Pamela and the children returned to Montana for a visit with Pamela's parents. During this visit, Pamela decided to remain in Montana because of problems with her marriage. On

2

July 11, 1994, Pamela filed a "Petition for Unlimited Separation" in the Circuit Court of the State of Oregon for the County of Marion. And, in December 1994, Eric and Pamela entered into a Marital Settlement Agreement. That agreement was incorporated into a "Judgment of Unlimited Separation" in the Oregon Circuit Court on January 18, 1995.

¶9     From June 1994 until July 1995, the parties attempted a reconciliation with Eric moving to Montana in December 1994 to be near Pamela and the children. However, the reconciliation efforts proved fruitless and Pamela filed a Petition for Dissolution of Marriage in the District Court for the Thirteenth Judicial District, Carbon County, Montana, on July 24, 1995.

¶10     On August 22, 1996, Eric, acting *pro se*, filed his "Amended Motion to Reopen Case and Amended Motion to Give Full Custody of Parties Minor Children to Father" in the Oregon courts. Pamela responded with a Motion to Dismiss and on December 6, 1996, the Oregon court dismissed Eric's motion and awarded Pamela her attorney's fees. On January 13, 1997, Eric appealed to the Oregon Appellate Court. That court also ruled against Eric and awarded Pamela her attorney's fees on appeal.

¶11     On January 31, 1997, the Carbon County, Montana District Court entered a decree dissolving the parties' marriage. This Final Decree of Dissolution incorporated the Marital Settlement Agreement entered into by the parties in December 1994, with some minor modifications as to visitation. Eric appealed to this Court on February 25, 1997, but we affirmed the determination of the District Court in a noncitable opinion. *In re Marriage of Snow*, 1998 MT 146N. Thereafter, Eric filed two Petitions for Rehearing, both of which we

3

denied, whereupon Eric filed a Petition for Writ of Certiorari in the United States Supreme Court in October 1998. Said petition was subsequently denied. *Snow v. Snow* (1999), 525 U.S. 1126, 119 S.Ct. 911, 142 L.Ed.2d 909.

¶12 From January 31, 1997, onward, Eric filed dozens of motions with the District Court, most of which requested a change in visitation. On December 28, 1998, the District Court issued an "Order re Contempt, Order Implementing Stipulation and Order of Protection." In that order, the court granted Pamela's Motion for Contempt and levied a fine against Eric. The court also issued an order permanently restraining Eric from coming within five miles of Pamela's home or place of employment and from coming within 1500 feet of Pamela. Thereafter, Eric left Montana to return to Oregon.

¶13 The parties' Final Decree of Dissolution provides one visitation schedule when the parties live more than 120 miles apart and another visitation schedule when the parties live less than 120 miles apart. On May 8, 2000, Eric sent a notice to the District Court that he intended to return to Montana to live by June 1, 2000. Eric also sent the court his "Proposed Residential Schedule" wherein Eric attempted to revise the parties' parenting arrangement and the visitation schedules as set forth in the Final Decree of Dissolution. In his Proposed Residential Schedule, Eric asserted that the schedule would take effect on June 9, 2000.

¶14 Eric alleges that he also sent Pamela a copy of the new schedule and the notice of his intent to move. Pamela maintains, however, that she never received a copy of the notice or the schedule. Due to problems between the parties, Eric was to correspond with Pamela only through her attorney or a neutral third party. Any correspondence from Eric sent directly to

4

Pamela was returned by her unopened.

¶15 Eric subsequently sent Pamela's counsel a copy of the Proposed Residential Schedule which counsel received on June 26, 2000. Eric informed counsel that under the provisions of § 40-4-217, MCA, since Pamela did not respond to Eric's Proposed Residential Schedule within 30 days, the District Court was required by law to adopt that schedule. Pamela's counsel responded that Eric was misinterpreting § 40-4-217, MCA, and that if Eric wanted to modify the current visitation schedule, he would have to go back to court.

¶16 On July 21, 2000, the District Court issued an order wherein the court refused to adopt Eric's Proposed Residential Schedule. In that order, the court admonished Eric for attempting to modify the parties' parenting arrangement without adequate knowledge of the law and the appropriate procedure to address such issues. In response, Eric requested an immediate telephone hearing on the matter. Said hearing took place on July 27, 2000, at which time the District Court informed Eric that he would have to adhere to the visitation schedule as set forth in the parties' Final Decree of Dissolution.

¶17 On November 27, 2000, Eric filed a Motion for Modification in which he again requested that the court adopt his Proposed Residential Schedule and a Motion for Summary Judgment of the Motion for Modification in which he maintained that since Pamela did not respond to his Proposed Residential Schedule within 30 days, he was entitled to have the court adopt his proposed schedule. In addition, on December 14, 2000, Eric filed a Motion for Default Judgment requesting that the District Court enter an order of default against Pamela because Pamela did not respond to his other motions within 14 days.

5

¶18 Thereafter, additional motions and responses were filed by both parties until, finally, on February 13, 2001, the District Court issued an order denying Eric's motions for modification, for summary judgment, and for a default judgment and reaffirming the court's prior determination that the visitation schedule as set forth in the parties' Final Decree of Dissolution adequately and appropriately provided for parenting opportunities between the parties when they reside within 120 miles of each other and when they reside further than 120 miles from each other. The court further determined that Eric's reliance upon § 40-4-217, MCA, is misplaced in view of "the reality that [Eric's] return to Montana actually places him closer to his children, not further away" and that "[t]he current visitation schedule already addresses parenting issues arising from relocation of the parties' place of residence." Consequently, finding that Eric failed to present evidence showing adequate cause for modification based on the best interests of the children standard, the court denied Eric's motions. It is from this order that Eric appeals.

**Issue 1.**

¶19 *Has Eric properly appealed the District Court's order?*

¶20 Pamela argues on appeal that Eric failed to properly file his Appellant's Brief in violation of Rule 23, M.R.App.P., thus his appeal should be summarily dismissed. Pamela alleges that Eric violated Rule 23(a)(1), M.R.App.P., by not properly citing his authorities; Rule 23(a)(2), M.R.App.P., by not properly setting forth the issues presented for review; Rule 23(a)(3), M.R.App.P., by not filing a proper statement of the case or a proper statement of the facts; Rule 23(a)(4), M.R.App.P., by not preceding his argument with a properly

6

drafted summary; and Rule 23(a)(5), M.R.App.P., by not providing a conclusion stating the precise relief sought. Many of Pamela's arguments in this regard are well taken.

¶21   First, Rule 23(a)(1), M.R.App.P., requires that all briefs contain "[a] table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited." The error Pamela complains of here is that Eric failed to properly cite the United States Supreme Court case of *Troxel v. Granville* (2000), 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49, "so that it may be reviewed as to its applicability." In this regard, Eric refers to it as a "Supreme Court of Washington" case rather than a case from the Supreme Court of the United States, thus hindering Pamela in her attempts to review the case for its applicability to the facts here.

¶22   Second, Pamela argues that Eric violated Rule 23(a)(2), M.R.App.P., by not properly setting forth the issues presented for review. Eric lists six issues in his brief on appeal, but he fails to argue all but his first issue. Even so, Eric's first issue is almost unintelligible and creates a disadvantage for Pamela by not setting forth a clear statement of what Eric is attempting to argue and what Pamela needs to address in her response brief.

¶23   Third, Pamela argues that Eric violated Rule 23(a)(3), M.R.App.P., by not filing a proper Statement of the Case or a proper Statement of the Facts. Rule 23(a)(3), M.R.App.P., requires that the Statement of the Case "shall first indicate briefly the nature of the case and its disposition in the court below." Pamela is correct that Eric fails to set forth the nature of the case--i.e., that this is a case involving visitation. However, Eric does manage to indicate the disposition of the case in the court below--i.e., "the Court issued an Order . . . denying the

7

Motion for Modification and the Motion for Summary Judgment" regarding Eric's Proposed Residential Schedule.

¶24 In addition, Rule 23(a)(3), M.R.App.P., requires that, after the Statement of the Case, "[t]here shall follow a statement of the facts relevant to the issues presented for review, with references to the pages of the parts of the record at which material facts appear." Eric asserts in the beginning of his Statement of Facts: "In accordance with Rule 23(e), References to Record: No transcript or record exist." While Eric may be correct that no transcript pertinent to this case exists, there is a substantial record consisting of five folders from the District Court. Eric should have referenced the documents within this District Court file in presenting his Statement of Facts to this Court.

¶25 Fourth, Pamela argues that Eric violated Rule 23(a)(4), M.R.App.P., by not preceding his argument with a properly drafted summary. While this rule does require that the argument be *preceded* by a summary, we have not in the past faulted someone, particularly not an individual acting *pro se*, for placing the summary at the end of the argument as Eric did here. Also, while Eric's summary is not a model of clarity, it does set forth an "accurate statement of the arguments made in the body of the brief" as required by the rule.

¶26 Fifth, Pamela argues that Eric violated Rule 23(a)(5), M.R.App.P., by not providing a "conclusion stating the precise relief sought." Contrary to Pamela's contention, Eric does ask in his conclusion that we "overturn the lower Court's rulings and adopt the Proposed Residential Schedule." While this statement comes at the end of a wordy discourse about the policy behind § 40-4-217, MCA, and the Legislature's intentions in enacting it, nevertheless,

8

Eric has complied with the rule.

¶27    Finally, although Pamela does not list this as one of Eric's violations of Rule 23, M.R.App.P., in filing his appeal with this Court, it is actually the most egregious violation of the rules committed by Eric. Rule 23(a)(4), M.R.App.P., provides that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." In five of the issues presented by Eric, he sets forth little or no argument and no citations in support of his argument. Instead, after setting forth the issue, Eric merely states: "This issue is presented at face value to the court without argument."

¶28    In order for Eric to properly raise an issue in his opening brief, he must list his contentions with respect to the issues presented and the reasons therefor with citation to the authorities relied on. This Court has repeatedly held that we will not consider unsupported issues or arguments. *In re Custody of Krause*, 2001 MT 37, ¶ 32, 304 Mont. 202, ¶ 32, 19 P.3d 811, ¶ 32 (citing *In re Marriage of Pfennings*, 1999 MT 250, ¶ 32, 296 Mont. 242, ¶ 32, 989 P.2d 327, ¶ 32). "[I]t is not this Court's obligation to conduct legal research on appellant's behalf, to guess as to his precise position, or to develop legal analysis that may lend support to his position." *In re Estate of Bayers*, 1999 MT 154, ¶ 19, 295 Mont. 89, ¶ 19, 983 P.2d 339, ¶ 19 (citations omitted).

¶29    Accordingly, we dismiss Eric's appeal for failing to comply with the Montana Rules of Appellate Procedure.

**Issue 4.**

9

¶30    *Should Pamela be awarded her attorney's fees because of a frivolous appeal?*

¶31    Pamela requests that we award her her attorney's fees pursuant to Rule 32, M.R.App.P., based upon Eric's appeal of the District Court's order "without substantial or reasonable grounds." As a general rule, this Court will not impose sanctions pursuant to Rule 32, M.R.App.P., unless the appeal is entirely unfounded and intended to cause delay or unless counsel's actions otherwise constitute an abuse of the judicial system. *In re Marriage of Moss*, 1999 MT 62, ¶ 41, 293 Mont. 500, ¶ 41, 977 P.2d 322, ¶ 41 (citations omitted).

¶32    In this case, we hold that Eric's appeal was taken without substantial and reasonable grounds, was entirely unfounded, and was intended to cause delay. The District Court has repeatedly ruled on visitation in this case determining that the visitation schedule as set forth in the parties' Final Decree of Dissolution adequately and appropriately provides for parenting opportunities between the parties. Eric continually files motions in the District Court and appeals to this Court attempting to modify visitation. In the appeal presently before us, Eric fails to properly present evidence or authority that the District Court erred in refusing to modify visitation. Moreover, he has filed briefs on appeal that do not comply with the Montana Rules of Appellate Procedure and that Pamela cannot intelligently respond to. Accordingly, we award Pamela her attorney's fees and costs for having to respond to this frivolous appeal. *See Thomas v. Hale* (1990), 246 Mont. 64, 68-69, 802 P.2d 1255, 1258; *In re Marriage of West* (1988), 233 Mont. 47, 53, 758 P.2d 282, 286.

¶33    We dismiss this case and we remand to the District Court for a determination of Pamela's attorney's fees and costs.

10

/S/ JAMES C. NELSON

We Concur:


/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART