No. 03-011

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 146

IN RE THE MARRIAGE OF
TERESA L. HODGE,

      Petitioner and Respondent,

   and

CHARLES HODGE

      Respondent and Appellant.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
                       In and for the County of Gallatin, Cause No. DR 00-386,
                       The Honorable Mike Salvagni, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

            William A. Bartlett, Geoffrey C. Angel; Angel Law Firm, Bozeman,
            Montana

      For Respondent:

            Edward J. Guza; Drysdale, McLean & Guza, Bozeman, Montana


                          Submitted on Briefs:  April 10, 2003

                                  Decided:  May 20, 2003

Filed:


                         _____
                                 Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Charles C. Hodge appeals from the dissolution of his marriage to Teresa L. Hodge, raising two issues as to the distribution of marital property. We affirm the judgment entered by the Eighteenth Judicial District Court, Gallatin County, and remand.

¶2     Charles raises the following issues:

¶3     1. Did the District Court abuse its discretion by awarding Teresa half of any future proceeds from Charles' pending lawsuit after Teresa abandoned her claim for loss of consortium?

¶4     2. Did the District Court abuse its discretion by awarding Teresa half of any future proceeds from Charles' pending lawsuit while he remains responsible for repayment of debts from those proceeds?

Background

¶5     Charles did not file a transcript for our use in this appeal and, as a result, the following facts are taken from the District Court's detailed findings of fact. The parties were married in 1985 and separated in 2000. At the time of the dissolution, Teresa was working two part-time jobs. Charles, a former heavy equipment operator, had not been employed since 1997. At the time of the dissolution, he was litigating the termination of his workers' compensation permanent disability benefits, following his acquittal of criminal charges initiated by the State Compensation Insurance Fund (State Fund) that he fraudulently received total disability payments. Charles had managed the parties' finances and checkbook

during the marriage, while Teresa covered his bad checks and gambling debts with her income from employment.

¶6 Teresa and Charles agreed that their two teenage children may reside with whichever parent they choose and visit the other parent at the child's discretion. Based on the evidence submitted at the dissolution hearing, the District Court set the value of the parties' assets--which consisted of automobiles and household furnishings--at slightly over $10,000 and their liabilities at over $42,000. The liabilities included credit card debt, school loans, long distance telephone charges, and medical bills. The court divided the assets and debts approximately equally between Teresa and Charles. It ruled that Teresa is entitled to an equitable share of any settlement or award Charles may receive in his lawsuit against the State Fund. The court awarded Teresa 50 per cent of any such settlement or award, after Charles' attorney fees and costs for that action are deducted.

## Standard of Review

¶7 Because Charles did not supply a transcript for purposes of this appeal, he is precluded from arguing that the District Court's findings of fact are inadequately supported by the record. He argues only that the District Court's judgment amounted to an abuse of its discretionary authority to divide the marital estate in a manner equitable to each party. *See In re Marriage of Harkin*, 2000 MT 105, ¶ 24, 299 Mont. 298, ¶ 24, 999 P.2d 969, ¶ 24 (citations omitted).

Issue 1

¶8 Did the District Court abuse its discretion by awarding Teresa half of any future proceeds from Charles' pending lawsuit after Teresa abandoned her claim for loss of consortium?

¶9 At one time, Teresa claimed damages for loss of consortium in Charles' suit against the State Fund. She decided not to pursue that claim. Charles contends she dissipated the marital estate by abandoning the claim.

¶10 Charles has cited no authority to support his proposition that failure to bring a lawsuit creates dissipation of a marital estate. Rule 23(a)(4), M.R.App.P., requires an appellant to cite to the authorities, statutes and pages of the record relied upon in the arguments in his briefs to this Court and, absent such citation, we decline to consider the argument. *See Hawkins v. Harney*, 2003 MT 58, ¶¶ 34-35, 314 Mont. 384, ¶¶ 34-35, 66 P.3d 305, ¶¶ 34-35 (citations omitted).

¶11 Moreover, Charles does not challenge--and we cannot review--the District Court's findings relating to this issue. We hold, therefore, that Teresa's abandonment of her claim for loss of consortium does not render the District Court's award to Teresa of half of any future proceeds from Charles' pending lawsuit an abuse of discretion.

Issue 2

¶12 Did the District Court abuse its discretion by awarding Teresa half of any future proceeds from Charles' pending lawsuit while he remains responsible for repayment of debts from those proceeds?

4

¶13   The District Court found that Charles should be responsible for the attorney fees associated with the defense of the criminal charges against him. Charles claims the most significant item of special damages caused by the State Fund's prosecution of him is the cost of his defense in his criminal trials.

¶14   The District Court did not include attorney fees for defending the criminal charges in its finding listing marital debts. Charles cites to an exhibit he presented to the District Court indicating that he owes $37,390.38 to Bill Bartlett. However, Charles provided nothing to explain the reason for his indebtedness to Bartlett. Nor does he challenge the District Court's findings as to the nature and amount of the marital debt, which do not include the debt to Bartlett.

¶15   It is the appellant's burden to support his argument on appeal with appropriate citations to authorities, statutes, and pages of the record on which his argument relies. Rule 23(a)(4), M.R.App.P. Charles has failed to do so.

¶16   We hold Charles has not established an abuse of discretion in the District Court's award to Teresa of half of the proceeds from his pending lawsuit through his unsupported claims that he owes attorney fees for his criminal case and that that debt is part of the marital estate.

¶17   Finally, Teresa asks to be awarded her costs and attorney fees for this appeal, which she contends was taken without substantial and reasonable grounds, was entirely unfounded and could only have been intended to cause delay. Rule 32, M.R.App.P., allows us to assess such damages for civil appeals "taken without substantial or reasonable grounds . . . as under

5

the circumstances are deemed proper." As a general rule, we will not impose sanctions under Rule 32 unless the appeal is entirely unfounded and intended to cause delay, or unless counsel's actions otherwise constitute an abuse of the judicial system. *Snow v. Snow*, 2002 MT 143, ¶ 31, 310 Mont. 260, ¶ 31, 49 P.3d 610, ¶ 31 (citation omitted).

¶18    Charles contends this case is distinguishable from *Snow*, where sanctions were imposed, in that the appellant in *Snow* did not cite authority to support his positions on the issues. We disagree. As indicated above, Charles has pursued his appeal without citing supporting authority for his positions and without filing a record on which we might base our review in considering his claims.

¶19    We grant Teresa her costs and also her reasonable attorney fees on appeal as a sanction pursuant to Rule 32, M.R.App.P. On remand, the District Court shall determine the amounts to which Teresa is entitled.

¶20    Affirmed and remanded for further proceedings consistent with this Opinion.


/S/ KARLA M. GRAY


We concur:


/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE


6