FILED

03/14/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0231

DA 15-0231

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 58

CITY OF GREAT FALLS,

      Plaintiff and Appellee,

  v.

MAEMIE L. ALLDERDICE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC-14-443
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Chad R. Vanisko, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

            Sara Sexe, Great Falls City Attorney, Neil Arnie Anthon, Deputy City
Attorney, Great Falls, Montana

Submitted on Briefs: February 1, 2017

Decided: March 14, 2017

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Defendant Maemie Allderdice appeals an order of the Eighth Judicial District Court, Cascade County, affirming an order of the Municipal Court of Great Falls, denying her motion to suppress blood test results related to her Driving Under the Influence (DUI) charge and subsequent guilty plea. We address the following issue:

> *Whether the Municipal Court erred by denying Allderdice's motion to suppress the blood test.*

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Around 2:08 a.m. on May 5, 2014, Great Falls Police Officer Eric Munkres responded to a report of a woman passed out in her running car in the Loaf and Jug parking lot. Allderdice was behind the wheel of the improperly parked car. Officer Munkres rapped on the driver's window several times. Each time, Allderdice would briefly look at him before again falling asleep. Officer Munkres called for assistance because he was concerned Allderdice may be having a medical emergency. Allderdice did not wake when another officer broke her passenger window. Officer Munkres was able to wake Allderdice by talking to her repeatedly once he had her driver's door open. Allderdice generally responded to Officer Munkres with a blank stare. When medical personnel assisted Allderdice out of the car, she became "somewhat combative" and resisted going with them to the hospital. Officer Munkres noticed the odor of alcohol on Allderdice when she was removed from the car.

2

¶4     Allderdice became more coherent at the hospital.  Officer Munkres observed that Allderdice's eyes were "glossy," her balance poor, her speech slurred, and she smelled of alcohol.  Officer Munkres read Allderdice the Implied Consent Advisory, pausing after each section to ascertain whether she understood.  She answered "Yes" after each section, and Officer Munkres then signed the Advisory.  When Officer Munkres asked Allderdice if she was willing to take a blood test, she did not respond and closed her eyes.  After repeating the question several more times with no response, and reiterating that if she refused the test that her license would be revoked for six months, Officer Munkres then directed medical staff to draw Allderdice's blood.  The blood test indicated that Allderdice had a blood alcohol content of 0.239%.  A separate blood sample drawn for medical purposes indicated Allderdice's blood alcohol content was 0.288%.

¶5     In the Municipal Court, Allderdice moved to suppress her blood test results, arguing that by remaining silent she did not voluntarily consent to the blood test.  The City argued in response that Allderdice's consent was implied under the implied consent law and she had the burden to prove she withdrew her consent to the blood test.  On August 19, 2014, the Municipal Court held a hearing on the motion to suppress, at which Officer Munkres testified.  The Municipal Court denied Allderdice's motion, agreeing with the City that, under the implied consent law, drivers consent to a blood test unless they withdraw that consent.  The Municipal Court found Allderdice took no action to signal a refusal, and therefore did not withdraw her consent by failing to respond to Officer Munkres.

¶6 Allderdice pleaded guilty to an amended charge of DUI per se, in violation of § 61-8-406, MCA. In her plea agreement, Allderdice reserved her right to appeal the denial of her motion to suppress. The Municipal Court sentenced Allderdice to six months in jail with all the time suspended. Allderdice appealed the Municipal Court's denial of the motion to suppress to the Eighth Judicial District Court, Cascade County. The District Court concluded that Allderdice consented to the blood draw pursuant to Montana's implied consent law, § 61-8-402(1), MCA, and that the Municipal Court did not err by finding that she did not withdraw that consent.

## STANDARDS OF REVIEW

¶7 When a case is appealed from the municipal court to the district court, the district court acts as an intermediate appellate court. *City of Helena v. Broadwater*, 2014 MT 185, ¶ 8, 375 Mont. 450, 329 P.3d 589. We review the district court's decision in such an appeal as if the appeal was originally filed in this Court, applying the appropriate standard of review. *Broadwater*, ¶ 8.

¶8 We review a trial court's decision on a motion to suppress to determine whether its findings of fact are clearly erroneous and whether the facts are correctly applied as a matter of law. *State v. Old-Horn*, 2014 MT 161, ¶ 13, 375 Mont. 310, 328 P.3d 638. A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if this Court is definitely and firmly convinced that the trial court made a mistake. *Old-Horn*, ¶ 13. Substantial evidence must be "more than a mere scintilla of evidence, but may be less than a preponderance of the evidence." *Old-Horn*, ¶ 13.

4

# DISCUSSION

¶9 *Whether the Municipal Court erred by denying Allderdice's motion to suppress the blood test.*

¶10 Montana's implied consent statute provides, in pertinent part:

> A person who operates or is in actual physical control of a vehicle upon ways of this state open to the public is considered to have given consent to a test or tests of the person's blood or breath for the purpose of determining any measured amount or detected presence of alcohol or drugs in the person's body.

Section 61-8-402(1), MCA.

¶11 An arrested person has the right to refuse to submit to the breath or blood test, and we have held that a refusal to take a test does not have to be express, and may be implied. *State v. Shepp*, 2016 MT 306, ¶ 9, 385 Mont. 425, 384 P.3d 1055 (citing *Wessel v. State*, 277 Mont. 234, 239, 921 P.2d 264, 266 (1996)). Certain uncooperative actions by a driver may be deemed a refusal. *See Johnson v. Division of Motor Vehicles*, 219 Mont. 310, 711 P.2d 815 (1985) (holding a defendant impliedly refused a breath test by asking for an attorney to be present continually); *Hunter v. State*, 264 Mont. 84, 869 P.2d 787 (1994) (holding a defendant impliedly refused a breath test because she gave a deficient performance when capable of taking the test). Refusal to take the test designated by the arresting officer results in a license suspension for a minimum of six months. Section 61-8-402(4), (8), MCA. When a person is unconscious, or otherwise in a condition rendering the person incapable of refusal, that person is considered not to have withdrawn consent implied under the statute. Section 61-8-402(3), MCA.

5

¶12 To determine whether a defendant's blood test was consensual under the implied consent law, we examine the totality of the circumstances and whether substantial evidence exists in the record to support the trial court's conclusion that a defendant's blood test was consensual. *State v. Zakovi*, 2005 MT 91, ¶ 29, 326 Mont. 475, 110 P.3d 469. Because voluntariness of consent is a question of fact, the trial court's finding that consent was voluntary will not be reversed unless the finding is clearly erroneous. *Zakovi*, ¶ 29; *Old-Horn*, ¶¶ 13-14.

¶13 Allderdice argues that, under the totality of the circumstances, her silence constituted a refusal to take the blood test after she acknowledged that she understood the Implied Consent Advisory and was repeatedly asked whether she would submit to the test. She contends that there is nothing in the record that shows she gave affirmative consent for a blood test. Allderdice asserts that silence should be deemed a refusal as it is in other states with similar implied consent statutes. *See Hollis v. State ex rel. Dep't of Public Safety*, 131 P.3d 145, ¶ 8 (Okla. Civ. App. 2006).

¶14 The State argues that drivers, such as Allderdice, give their consent to submit to a blood or breath test by driving on Montana's roads pursuant to the implied consent law. *See* § 61-8-402, MCA. The State contends that Allderdice's silence is not a refusal or a failure to cooperate because she did not take any action to inhibit the blood draw and she was otherwise cooperative. Therefore, the State contends that Officer Munkres reasonably concluded that Allderdice did not withdraw her consent to have her blood drawn, and the Municipal Court correctly denied Allderdice's motion to suppress.

¶15 Upon examination of the record, we conclude the Municipal Court correctly denied Allderdice's motion to suppress her blood test results. Allderdice confirmed she understood the Implied Consent Advisory; then, when Officer Munkres repeatedly asked if she would consent to a blood test and advised her of the consequences of refusing, she simply closed her eyes without any response, either positive or negative. As the State correctly points out, Allderdice took no actions to suggest she was withdrawing her implied consent to the blood test. The Municipal Court found:

> [Allderdice] did not object, withdraw, or fight the blood test. She silently complied, neither answering nor showing any verbal or nonverbal signs that she was actually revoking her consent. Without some affirmative act showing the withdrawal of [Allderdice]'s consent, the Court finds she gave tacit consent.

Although we have previously held that certain uncooperative actions by a driver may constitute an implied refusal, *Wessell*, 277 Mont. at 239, 921 P.2d at 266, that is not what happened in this case. Allderdice's passive compliance to the blood test was insufficient to constitute a withdrawal of her implied consent.

¶16 Considering the totality of the circumstances, we agree with the Municipal Court's conclusion that "[w]ith an implied consent, there has to be some action, whether verbal or nonverbal that withdraws it. Simply ignoring the question is not sufficient to withdraw implied consent." The Municipal Court's factual findings are not clearly erroneous, and the Municipal Court correctly interpreted and applied the law to those facts. *See Old-Horn*, ¶ 13.

7

**CONCLUSION**

¶17     We affirm the District Court's ruling on the order by the Municipal Court denying

Allderdice's motion to suppress the results of her blood test.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE