FILED

04/05/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0424

DA 21-0424

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 69N

TOM VAN HAELE,

       Plaintiff and Appellant,

   v.

JUDY KUHL, VALERIE CRAMER,
and JENNIFER CRAMER,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Treasure, Cause Nos. DV 2021-02, DV 2021-03,
and DV 2021-04
Honorable Nickolas C. Murnion, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Thomas Van Haele, Self-represented, Hysham, Montana

      For Appellees:

          Judy Kuhl, Valerie Cramer, Jennifer Cramer, Self-represented, Hysham,
Montana

Submitted on Briefs:  March 16, 2022

Decided:  April 5, 2022

Filed:

          _____
                         Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Plaintiff and Appellant Tom Van Haele (Van Haele) appeals from the August 2, 2021 Findings of Fact, Conclusions of Law and Judgment issued by the Sixteenth Judicial District Court, Treasure County, following a July 14, 2021 bench trial. We affirm.

¶3 Van Haele did not file a transcript for our use in this appeal and, as a result, the following facts are taken from the District Court's August 2, 2021 Findings of Fact, Conclusions of Law and Judgment. This matter arises from gravel work Van Haele did for Defendants and Appellees Judy Kuhl (Kuhl), Valerie Cramer (Valerie), and Jennifer Cramer (Jennifer) at various times in 2018 and 2019. In 2018, Van Haele graveled approximately one-half mile of Kuhl's road using Kuhl's gravel. Van Haele asserts he did the gravel work on Kuhl's road in exchange for an easement to cross her property to access his gravel pit. There is no written easement and Kuhl denies there was an oral agreement for Van Haele to do the gravel work in exchange for an easement. Kuhl also noted the location of the proposed easement would require her to move the main line of her sprinkler and would ruin her irrigation system.

¶4 Kuhl initially gave Van Haele firewood from her property which she indicated he could come pick up. Van Haele objected to the state of Kuhl's road. Kuhl told Van Haele

2

she could not afford to have the road graveled. Van Haele then said he would gravel the road in memory of Kuhl's late husband, Wayne, because Wayne was a good neighbor. After graveling the road, Van Haele asked Kuhl, and her sisters, Valerie and Jennifer, if he could take scrap metal and machinery from their properties, to which they consented. Van Haele later took several loads of scrap metal and machinery from their properties.

¶5     In 2019, Valerie hired Van Haele to haul gravel from Kuhl's pit to Valerie's yard. Van Haele hauled the gravel to Valerie's yard in May of 2019. Valerie asked Van Haele to haul a partial load of gravel she did not need to Jennifer's yard, which Van Haele did. Valerie paid Van Haele for this gravel hauling with a check for $275 dated May 4, 2019, which Van Haele cashed on May 8, 2019. The memo line on the check stated "For Road V 250 and J 25." Valerie testified the memo represented a payment of $250 for her gravel and $25 for Jennifer's gravel. Van Haele testified Valerie hired him to haul 5 oil barrels from her property at $50 a barrel and the check was for that service. Van Haele hauled those barrels in June of 2020, and Valerie testified they were part of the scrap metal Van Haele had asked her for in 2020. The District Court found Van Haele's testimony regarding the check and the oil barrels was "not worthy of belief" because the oil barrels were not removed until a year after the check was cashed and 5 barrels at $50 per barrel does not equal $275. The District Court found Van Haele's misrepresentation "impacted the credibility" of Van Haele's testimony on other issues. Jennifer never personally hired Van Haele to do any gravel hauling, and he hauled gravel to her property at Valerie's request, which Valerie paid for with the May 4, 2019 check.

3

¶6 On July 28, 2020, after Van Haele did the gravel work for Kuhl, Valerie, and Jennifer in 2018 and 2019, there was a fire on Kuhl's property. D.J. Olson, a sharecropper for Kuhl, noticed Van Haele was swimming his dogs near the location Van Haele wanted the easement from Kuhl and not helping to fight the fire. Olson asked law enforcement to have Van Haele leave Kuhl's property. Van Haele was upset and spoke to Kuhl, who informed him that he was not getting his requested easement.

¶7 On August 3, 2020, Van Haele sent bills to Kuhl, Valerie, and Jennifer for the gravel work done in 2018 and 2019. Van Haele testified he had sent bills to all three earlier, but the District Court found there was "insufficient evidence" to support Van Haele's claims he actually sent the previous bills and the evidence showed the August 3, 2020 bills were the first ones sent. Kuhl, Valerie, and Jennifer refused to pay Van Haele's bills for the gravel work, and he filed separate suits against all three in Treasure County Justice Court in October of 2020. The Justice Court ruled against Van Haele in all three cases.

¶8 Van Haele appealed the three cases to the District Court, which held a scheduling conference on April 15, 2021. On April 15, 2021, the District Court issued its Order Setting Bench Trial. In that order, the District Court denied Van Haele's request for a jury trial, finding he did not make a timely demand for a jury trial upon his appeal from Justice Court. The District Court further noted that, at the scheduling conference, "[p]laintiff made an oral motion to join all three causes for purposes of trial," and none of the defendants objected. The court found joinder would be appropriate under M. R. Civ. P. 20, granted Van Haele's motion for joinder, and ordered the three cases would be joined for trial purposes.

4

¶9      The District Court then held a bench trial of the consolidated cases on July 14, 2021. Following the bench trial, the court issued its Findings of Fact, Conclusions of Law and Judgment on August 2, 2021, which ruled that Van Haele was not entitled to recover damages from any of Kuhl, Valerie, or Jennifer.

¶10      Van Haele appeals. We restate the issues on appeal as follows: (1) whether the District Court erred by determining Van Haele was not entitled to recover from Kuhl, Valerie, and Jennifer under the theory of unjust enrichment, and (2) whether the District Court abused its discretion by consolidating the three cases for trial.

¶11      As a preliminary matter, we note the Treasure County Justice Court is not a court of record. When a matter is appealed to the district court from a justice court which is not a court of record, the matter "must be tried anew in the district court on the papers filed in the justice's or city court unless the court, for good cause shown and on terms that are just, allows other or amended pleadings to be filed in the action. The court may order new or amended pleadings to be filed. Each party has the benefit of all legal objections made in the justice's or city court." Section 25-33-301(1), MCA. In addition, "[w]hen the action is tried anew on appeal, the trial must be conducted in all respects as other trials in the district court," and the provisions of the Montana Code applicable to trials in district courts are applicable to trials on appeal in the district court. Section 25-33-301(2), MCA. Because the district court acts as a trial court, rather than an intermediate appellate court, on an appeal from a justice court which is not a court of record, "we review its decision applying the same standards that we would to any other district court decision." *State v. Shepp*, 2016 MT 306, ¶ 6, 385 Mont. 425, 384 P.3d 1055.

¶12 "We review findings of fact entered after a bench trial in a civil action to determine whether they are supported by substantial credible evidence." *Masters Grp. Int'l, Inc. v. Comerica Bank*, 2021 MT 161, ¶ 19, 404 Mont. 434, 491 P.3d 675 (citing *In re Estate of Cook*, 2020 MT 240, ¶ 27, 401 Mont. 374, 472 P.3d 1179). We review the evidence in the light most favorable to the prevailing party and leave the credibility of witnesses and weight assigned to their testimony to the determination of the district court. *Kurtzenacker v. Davis Surveying, Inc.*, 2012 MT 105, ¶ 14, 365 Mont. 71, 278 P.3d 1002 (citing *Only a Mile, LLP v. State*, 2010 MT 99, ¶ 10, 356 Mont. 213, 233 P.3d 320). We review a district court's conclusions of law to determine whether they are correct. *Masters Grp. Int'l*, ¶ 19 (citing *In re Estate of Cook*, ¶ 27).

¶13 We note that we have not been presented with a transcript of the proceedings in this case. In our December 21, 2021 Order, which granted Van Haele additional time to file his opening brief in this matter, we noted we had not received a transcript due to Van Haele not paying the court reporter, informed Van Haele of his duty to present a sufficient record, "which includes the transcripts of the underlying proceedings," and stated "Van Haele should endeavor to pay the Court Reporter for producing transcripts, as requested, and pursuant to our rules." Van Haele responded with a Notice, filed on January 3, 2022, asserting he did not require transcripts for his appeal and misquoting this Court's December 21, 2021 Order.

¶14 As the appellant, Van Haele was required to present this Court "with a record sufficient to enable it to rule upon the issues raised." M. R. App. P. 8(2). "Failure to present the court with a sufficient record on appeal may result in dismissal of the appeal or

6

affirmance of the district court on the basis the appellant has presented an insufficient record." M. R. App. P. 8(2). This Court has the "plenary power to determine whether the transcripts actually ordered as part of the record on appeal provide a sufficient basis for ruling on the issues raised." *Heidt v. Argani*, 2009 MT 267, ¶ 11, 352 Mont. 86, 214 P.3d 1255 (citing M. R. App. P. 8(2)). Because Van Haele did not supply a transcript for purposes of this appeal, "he is precluded from arguing that the District Court's findings of fact are inadequately supported by the record." *In re Marriage of Hodge*, 2003 MT 146, ¶ 7, 316 Mont. 194, 69 P.3d 1192; *see also Giambra v. Kelsey*, 2007 MT 158, ¶ 36, 338 Mont. 19, 162 P.3d 134 (collecting cases).

¶15 Van Haele's appeal asserts the District Court "failed to follow the doctrine of unjust enrichment" in this case. "Unjust enrichment is an equitable claim for restitution to prevent or remedy inequitable gain by another." *Associated Mgmt. Servs. v. Ruff*, 2018 MT 182, ¶ 64, 392 Mont. 139, 424 P.3d 571 (citing *N. Cheyenne Tribe v. Roman Catholic Church*, 2013 MT 24, ¶¶ 36-39, 368 Mont. 330, 296 P.3d 450). "To prevail on a claim of unjust enrichment, the aggrieved party must establish that (1) a benefit was conferred upon the recipient by the claimant; (2) the recipient knew about or appreciated the benefit; and (3) the recipient accepted or retained the benefit under circumstances rendering it inequitable for the recipient to do so." *Mont. Digital, LLC v. Trinity Lutheran Church*, 2020 MT 250, ¶ 10, 401 Mont. 482, 473 P.3d 1009 (citations omitted). Van Haele contends it would be inequitable to allow Kuhl, Valerie, and Jennifer to reap the benefits of his gravel work because they used "fraud and deceit" to avoid paying him.

7

¶16 The District Court correctly rejected Van Haele's unjust enrichment claim. Van Haele's briefing spends much time recounting various conversations between the parties and alleging testimony changed between the trials in the Justice Court and the District Court trial, but neither the alleged conversations nor the transcript of the trials are in the record before us. Because Van Haele did not supply a transcript, "he is precluded from arguing that the District Court's findings of fact are inadequately supported by the record." *In re Marriage of Hodge*, ¶ 7. The District Court, in its findings of fact, found the testimony of Kuhl, Valerie, and Jennifer regarding their interactions with Van Haele credible, and Van Haele's testimony not credible. We leave the credibility of witnesses and the weight assigned to their testimony to the determination of the District Court. *Kurtzenacker*, ¶ 14. The District Court found none of Kuhl, Valerie, or Jennifer used "fraud and deceit" to obtain gravel work from Van Haele. In addition, by not supplying a transcript for purposes of appeal, Van Haele cannot now argue the District Court's findings in this regard are not supported. *In re Marriage of Hodge*, ¶ 7.

¶17 We turn now to Van Haele's contention the District Court violated his right to a fair trial by consolidating the three cases. Van Haele admits he agreed to the combined trial, but asserts the District Court "did not explain what rights Van Haele would be waiving, nor did the court explain how the trial would [proceed] as a combined trial." The joinder of parties in an action is a discretionary ruling on the part of the district court. *Ioerger v. Reiner*, 2005 MT 155, ¶ 11, 327 Mont. 424, 114 P.3d 1028 (citing *White v. Lobdell*, 208 Mont. 295, 305, 678 P.2d 637, 642 (1984)). Joinder is to be liberally allowed. *Ioerger*, ¶ 13 (citing *White*, 208 Mont. at 306, 678 P.2d at 642). "We review discretionary trial

8

court rulings for an abuse of discretion." *Konitz v. Claver*, 1998 MT 27, ¶ 32, 287 Mont. 301, 954 P.2d 1138.

¶18 The three cases were joined into a single trial before the District Court. "On motion or on its own, the court may at any time, on just terms, add or drop a party." M. R. Civ. P. 21. M. R. Civ. P. 20 governs the permissive joinder of parties and states, in relevant part:

Persons may be joined in one action as defendants if:

(A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)   any question of law or fact common to all defendants will arise in the action.

M. R. Civ. P. 20(a)(2). The District Court, in its April 15, 2021 Order Setting Bench Trial, recounted that Van Haele made an oral motion to join the three causes for trial purposes at the scheduling conference and that Kuhl, Valerie, and Jennifer did not object. The court noted the "parties agree that the relief asserted against Defendants in the three actions arose out of the same transaction or occurrence and that a joint trial would be appropriate." The court further noted that questions of law and fact would be similar for the three defendants and granted Van Haele's motion for joinder.

¶19 Once again, Van Haele has not presented a sufficient record as it relates to this issue, as he complains about statements and actions of the District Court, but has failed to provide this Court with a transcript of either the scheduling conference—where the motion for consolidation was made—or the bench trial itself. M. R. App. P. 8(2). From the limited record before us, however, we can determine Van Haele's assertion his right to a fair trial

9

was violated due to consolidation is without merit, because he did not object to the consolidation of the trials. In addition, according to the April 15, 2021 Order Setting Bench Trial, it was Van Haele himself who moved for the joinder of all three defendants for trial purposes. Van Haele's complaints regarding his alleged confusion regarding trial procedure ring hollow now, and the District Court's permissive joinder of Kuhl, Valerie, and Jennifer as defendants in this action was not an abuse of discretion.[1]

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶21 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

---

[1] While not necessary to our determination in this matter, we note that, as Van Haele was seeking monetary damages in this case, his appeal was subject to mandatory appellate alternative dispute resolution. M. R. App. P. 7(2)(c). Van Haele did not comply with M. R. App. P. 7 and dismissal of his appeal pursuant to M. R. App. P. 7(8) would also be appropriate.