FILED

08/16/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0195

DA 21-0195

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 165N

IN RE THE MARRIAGE OF:

TIFFANEY GRIGG,

      Petitioner and Appellee,

  and

PETER GRIGG,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
               In and For the County of Lincoln, Cause No. DR-20-79
               Honorable Jennifer B. Lint, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Peter Grigg, Self-represented, Kalispell, Montana

      For Appellee:

           Peter F. Carroll, Attorney at Law, Kalispell, Montana

Submitted on Briefs:  July 20, 2022

Decided:  August 16, 2022

Filed:

_____
                        Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Respondent and Appellant Peter Grigg (Peter) appeals from the April 14, 2021 Findings of Fact, Conclusions of Law and Final Decree of Dissolution, and the February 28, 2022 Order for the Payment of Reasonable Attorney's Fees and Costs issued by the Nineteenth Judicial District Court, Lincoln County. We affirm. [1]

¶3 Peter did not file a transcript for our use in this appeal and, as a result, the following facts are taken from the District Court's April 14, 2021 Findings of Fact, Conclusions of Law and Final Decree of Dissolution. Peter and Petitioner and Appellee Tiffaney Grigg (Tiffaney) were married in Texas in 2017, and moved to Libby later that year. In 2018, Tiffaney filed for divorce, but the parties reconciled and her petition was dismissed. In 2020, Tiffaney moved back to Texas. She filed her Petition for Dissolution of Marriage in the District Court on June 17, 2020.

---

[1] On August 11, 2022—after this case had been fully briefed and submitted to the Court on July 20, 2022—Peter filed an opposed Motion to Stay Appeal, asserting his appeal should be stayed pending the outcome of a Texas case he filed against Tiffaney Grigg. That motion is denied.

¶4 On February 25, 2021, the District Court appointed a Special Master to conduct the dissolution hearing. The Special Master conducted the dissolution hearing that same day. At the hearing, numerous exhibits were entered into evidence and both Tiffaney and Peter testified. The Special Master issued her Recommended Findings of Fact, Conclusions of Law and Decree of Dissolution on March 9, 2021. Both parties filed objections to the Special Master's recommendations. The District Court, contemporaneously with issuing its Findings of Fact, Conclusions of Law and Final Decree of Dissolution, issued an Order Adopting Recommended Decree and Setting Hearing on Attorney Fees. The District Court adopted the Special Master's recommended findings of fact, conclusions of law, and decree with minor changes. The District Court apportioned the existing property and debts of the parties and determined the remaining portion of the marital estate, consisting of proceeds from the sale of the parties' Libby home, should be divided with 65% going to Tiffaney and 35% to Peter. In addition, the court determined Peter unnecessarily complicated the dissolution proceedings and set a hearing on whether Peter should be responsible for paying a portion of the attorney fees incurred by Tiffaney in the matter. Prior to the hearing, Tiffaney filed affidavits and invoices demonstrating the fees she had incurred during the dissolution. Peter filed objections to Tiffaney's request for attorney fees. The District Court held a hearing on the reasonableness of Tiffaney's claimed attorney fees on February 4, 2022. Peter did not appear for the hearing. Tiffaney and Ben Shumate (Shumate), an attorney from Libby, testified regarding the reasonableness of the attorney

3

fees and costs Tiffaney was seeking. After the hearing, the District Court ordered Peter to pay Tiffaney $16,663.70 in attorney fees.

¶5 Peter appeals.[2] We address the following restated issues: (1) whether the District Court abused its discretion in its marital estate division; and (2) whether the District Court abused its discretion in its attorney fees award.

¶6 "A district court is vested with broad discretion to apportion the marital estate in a manner equitable to each party under the circumstances." *In re Marriage of Hardman*, 2019 MT 152, ¶ 11, 396 Mont. 238, 443 P.3d 1108 (citing *In re Marriage of Funk*, 2012 MT 14, ¶ 6, 363 Mont. 352, 270 P.3d 39). We review a district court's division of marital property to determine whether the court's findings of fact are clearly erroneous and its conclusions of law are correct. *In re Marriage of Funk*, ¶ 6. "Absent clearly erroneous findings, we will affirm a district court's division of property unless we identify an abuse of discretion." *In re Marriage of Hardman*, ¶ 11 (citing *In re Marriage of Funk*, ¶ 6). We review an award of attorney fees for an abuse of discretion. *In re Marriage of Cameron*, 2009 MT 302, ¶ 10, 352 Mont. 375, 217 P.3d 78 (citing *In re Marriage of Lee*, 282 Mont. 410, 423, 938 P.2d 650, 658 (1997)).

---

[2] Since filing his opening brief in this appeal, Peter has filed three notices of errata. Included among Peter's notices are a motion for a new trial, and, bizarrely, a petition for rehearing in another of his numerous cases appealed to this Court. To the extent any of the motions contained in Peter's notices of errata have not previously been denied by this Court, those motions are hereby denied.

¶7     As the appellant, Peter was required to present this Court "with a record sufficient to enable it to rule upon the issues raised." M. R. App. P. 8(2). "Failure to present the court with a sufficient record on appeal may result in dismissal of the appeal or affirmance of the district court on the basis the appellant has presented an insufficient record." M. R. App. P. 8(2). This Court has the "plenary power to determine whether the transcripts actually ordered as part of the record on appeal provide a sufficient basis for ruling on the issues raised." *Heidt v. Argani*, 2009 MT 267, ¶ 11, 352 Mont. 86, 214 P.3d 1255 (citing M. R. App. P. 8(2)). Because Peter did not supply any transcripts for purposes of this appeal, "he is precluded from arguing that the District Court's findings of fact are inadequately supported by the record." *In re Marriage of Hodge*, 2003 MT 146, ¶ 7, 316 Mont. 194, 69 P.3d 1192; *see also Giambra v. Kelsey*, 2007 MT 158, ¶ 36, 338 Mont. 19, 162 P.3d 134 (collecting cases).

¶8     Because Peter is precluded from arguing the District Court's findings of fact are inadequately supported by the record, we address only whether the District Court's division of the marital estate amounts to an abuse of discretion. *See In re Marriage of Hodge*, ¶ 7. We find no abuse of discretion in the District Court's division of marital property in this case. The District Court considered the evidence and testimony presented by the parties before making extensive findings of fact and conclusions of law. The District Court, after weighing the parties' testimony, "found Tiffaney's testimony more credible than Peter's." We leave the credibility of witnesses and the weight assigned to their testimony to the determination of the District Court. *Kurtzenacker v. Davis Surveying, Inc.*, 2012 MT 105,

5

¶ 14, 365 Mont. 71, 278 P.3d 1002.  In addition, by not supplying a transcript for purposes of appeal, Peter cannot now argue the District Court's credibility finding is not supported. *In re Marriage of Hodge*, ¶ 7.  The District Court carefully considered the evidence before equitably dividing the existing property and debt of the parties, and determining the remaining proceeds in the marital estate from the sale of a house should be divided, with 65% going to Tiffaney, and 35% to Peter.  An equitable division of a marital estate does not necessarily require an equal or 50/50 split of marital assets, liabilities, or net value and a district court's apportionment is equitable if it is fair and reasonable under the totality of the circumstances.  *In re Marriage of Elder & Mahlum*, 2020 MT 91, ¶ 9, 399 Mont. 532, 462 P.3d 209 (citations omitted).  Under the circumstances of this case, the District Court's division of the marital estate is supported by the record and is not an abuse of discretion.

¶9      In its Findings of Fact, Conclusions of Law and Final Decree of Dissolution, the District Court also set a hearing to determine whether Peter should be required to pay a portion of Tiffaney's attorney fees incurred during the dissolution.  The court determined Tiffaney incurred attorney fees she was unable to pay after "Peter complicated the dissolution of this short-term marriage with few assets that should have been easily resolved."  On February 4, 2022, the District Court held a hearing on the attorney fees. Peter did not appear for the hearing.  Tiffaney and Shumate testified regarding the reasonableness of the attorney fees and costs Tiffaney was seeking.  The District Court found their testimony was relevant, credible, and supported by the record and that Peter's

barrage of filings in the case served only to "unduly delay resolution of this matter, increase costs to [Tiffaney,] and frustrate the legal process."

¶10 Regarding the attorney fees award, once again Peter is precluded from arguing the District Court's findings of fact are inadequately supported by the record. *In re Marriage of Hodge*, ¶ 7. The District Court took testimony from both Tiffaney and a local attorney regarding the reasonableness of fees, reviewed the reasonableness of the fees according to the factors set forth by this Court in *Plath v. Schonrock*, 2003 MT 21, ¶ 36, 314 Mont. 101, 64 P.3d 984, determined the fees and costs presented by Tiffaney were fair and reasonable, and ordered Peter to pay $16,663.70 in attorney fees. Upon our review of the record, we find no abuse of discretion in the District Court's attorney fees award in this case.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA